## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## No. 5:15-CV-231-BO

| | |
|---|---|
| GARY and ANNE CHILDRESS, THOMAS<br>and ADRIENNE BOLTON, and STEVEN and<br>MORGAN LUMBLEY, on behalf of themselves<br>and others similarly situated, | )<br>)<br>)<br>) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| BANK OF AMERICA CORPORATION,<br>BANK OF AMERICA, N.A., and FIA CARD<br>SERVICES, | )<br>)<br>) |
| Defendants. | ) |

This cause comes before the Court on defendants' motion to dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have responded, defendants have

replied, and the matter is ripe for ruling. For the reasons discussed below, defendants' motion is

DENIED.

## BACKGROUND

Plaintiffs Gary and Anne Childress, Thomas and Adrienne Bolton, and Steven and

Morgan Lumbley are military families who maintained various debt accounts with defendants.

Between 2005 and 2009, Gary Childress, Thomas Bolton, and Steven Lumbley were called to

active service in Iraq. As a result of their active service, plaintiffs were entitled to certain benefits

under the Servicemembers Civil Relief Act (SCRA), which included a reduction of the interest

rate on outstanding debts to 6% during deployment and forgiveness of any interest above 6%.

Defendants offered a proprietary program to servicemembers, which included terms more

generous than the SCRA, which plaintiffs all chose to use. In accord with the terms of the program, plaintiffs requested that their interest rates be lowered to 6% pursuant to the SCRA.

This case arises from the fact that defendants did not lower plaintiffs' interest rate to 6%, instead actually charging a higher rate but indicating to plaintiffs that they were being charged the correct rate.

In the summer of 2014, plaintiffs began receiving unsolicited checks in the mail from defendants. These checks were sent after an internal audit of defendants' SCRA compliance revealed violations. The checks came with letters explaining that they were for poor customer service on the part of defendants. Defendants eventually admitted to plaintiffs that they had charged above the SCRA interest rate during the servicemembers' times of deployment. Plaintiffs later received tax forms indicating that the checks were taxable income.

In June 2015, plaintiffs filed a complaint in the instant matter, alleging violations of the SCRA, Truth in Lending Act (TILA), North Carolina Unfair and Deceptive Trade Practices Act, as well as claims for negligence, negligent misrepresentation, and equitable relief. Plaintiffs filed an amended complaint in September 2015. Defendants now move to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *See Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts

2

pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As to plaintiffs' first and third claims, for SCRA and TILA violations, respectively, plaintiffs have stated a claim upon which relief can be granted. To state a claim for SCRA violations, [p]laintiffs must allege facts that, taken as true, establish that (1) plaintiffs' loans met the statutory requirement to be eligible for the maximum six percent interest rate benefit; (2) plaintiffs requested the benefit under § 527 in the time and manner prescribed; and (3) Bank of America failed to implement the benefit in the manner and for the time period prescribed. *See* 50 U.S.C. App. § 527(a) & (b). Defendants move to dismiss this claim on the grounds that plaintiffs cannot prove they are aggrieved, as they were sent checks after Bank of America's internal audit revealed the SCRA violations. However, this argument does not carry the day as plaintiffs have stated multiple times that they, at this point in the litigation, cannot and do not know the relationship between the amounts of the checks and the amounts they were wrongfully charged over 6%. As defendants move to dismiss the TILA claim on the grounds that plaintiffs have not demonstrated "any actual damage sustained," this claim also fails for the aforementioned reasons. 15 U.S.C. § 1640(a)(1). Accordingly, claims one and three are not dismissed.

As to plaintiffs' second claim, for breach of contract, plaintiffs have stated a claim upon which relief can be granted. To state a claim for breach of contract, "the complaint must allege that a valid contract existed between the parties, that defendant breached the terms thereof, the facts constituting the breach, and that damages resulted from the breach." *Capparelli v. AmeriFirst Home Improvement Fin. Co.*, 535 F. Supp. 2d 554, 563 (E.D.N.C. Feb. 1, 2008). Plaintiffs have sufficiently pled each of these elements: that the contract was (or included) the

3

SCRA, that defendants breached by charging over 6% interest, and that plaintiffs were damaged by the breach, as discussed above. Accordingly, claim two is not dismissed.

As to plaintiffs' fourth, fifth, and sixth claims—for negligence, negligent misrepresentation, and unfair and deceptive trade practices, respectively—plaintiffs have stated claims upon which relief can be granted. As to defendants' overarching claim that claims four, five, and six must be dismissed for sounding in contract more than in tort, plaintiff has sufficiently pled two allegedly wrongful courses of conduct by defendants: first, the excessive interest (the breach of contract, in other words), and second, the cover-up. Plaintiffs' negligence, negligent misrepresentation, and unfair and deceptive trade practices claims arise from the cover-up, not the breach. Accordingly, the amended complaint will not fail on these grounds at the motion to dismiss stage.

Defendants also move to dismiss plaintiffs' negligence and negligent misrepresentation claims because plaintiffs have not established that Bank of America was acting as a fiduciary. However, plaintiffs do not based their claims for negligence and negligent misrepresentation on a special or fiduciary relationship with defendants but instead on contractual and statutory obligations, as well as the duty of good faith and fair dealing. Accordingly, this argument does not carry the day at this stage.

Next, defendants move to dismiss plaintiffs' unfair and deceptive trade practices claim on the grounds that the amended complaint does not satisfy Federal Rule of Civil Procedure Rule 9(b)'s heightened pleading standard for fraud and mistake. The parties dispute whether this standard applies to the claim at issue but this debate is irrelevant in the instant matter as plaintiffs satisfy the heightened standard. The Fourth Circuit has held that plaintiffs must "describe the time, place, and contents of the false representations, as well as the identity of the person making

4

the misrepresentation and what he obtained thereby;" in other words, plaintiffs must provide "the who, what, when, where, and how" of the alleged misrepresentation. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008). Here, plaintiffs have met this standard on at least the most salient misrepresentations: inaccurate monthly statements from defendants reflecting 6% interest being charged and the subsequent representation that the checks plaintiffs received were for poor customer service. Accordingly, defendants' argument does not prevail.

Finally, defendants claim that plaintiffs did not rely on the alleged misrepresentations to their detriment. Plaintiffs have sufficiently pled several ways in which they can demonstrate they relied on defendants' statements to their detriment, including by stating they would have taken their business elsewhere if not for defendants' statements. For these reasons, defendants' motion to dismiss plaintiffs' fourth, fifth, and sixth claims is denied.

As to plaintiffs' seventh and eighth claims—for equitable relief in the forms of a constructive trust and an accounting—plaintiffs have stated claims upon which relief can be granted. Defendants' initial argument states that these claims should fail because all preceding claims should fail; as the preceding claims did not fail, this argument is not persuasive. Defendants also argue a constructive trust is unavailable because plaintiffs have not adequately alleged that Bank of America continues to retain plaintiffs' funds. As discussed above, this issue is factually unsettled at the current stage of litigation, so this argument fails. Next, defendants argue an accounting is unavailable to plaintiffs as they have not alleged facts establishing that defendants owed them a fiduciary duty or made a claim for constructive fraud. The Court finds that plaintiffs have pled sufficient facts to create a plausible claim that a fiduciary relationship

5

existed, so this argument fails. For these reasons, defendants' motion to dismiss plaintiffs' seventh and eighth claims fails.

Finally, defendants move to dismiss plaintiffs' claims on the grounds that they are time-barred. The Court finds that plaintiffs have pled sufficient facts to create a plausible claim that the statute of limitations did not begin running when defendants claim it did. The Court will require additional evidence before deciding this issue. Thus, the Court finds that the statute of limitations argument is presently premature and the motion to dismiss on this ground is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is DENIED. [DE 40].

SO ORDERED, this __1**__ day of May, 2016.

Terrence W. Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE