UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

No. 5:15-cv-231

GARY and ANNE CHILDRESS, THOMAS and ADRIENNE BOLTON, STEVEN and MORGAN LUMBLEY, RAYMOND and JACKIE LOVE, HARRY and MARIANNE CHAMPAGNE, and RUSSELL and MARY BETH CHRISTE, *on behalf of themselves and others similarly situated*,

    Plaintiffs,

vs.

BANK OF AMERICA, N.A.,

    Defendant.

FILED IN OPEN COURT
ON ℒ ℓ. 𝒮.   2/5/18
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

Upon Plaintiffs' Unopposed Motion for Final Approval of Settlement, a Settlement agreed to in full by the Defendant, the Court has considered the parties' papers, relevant legal authority, the arguments made by the parties in favor of the settlement, and the record in this case, and hereby GRANTS the Motion for Final Approval.

WHEREAS, Plaintiffs, Gary and Anne Childress, Thomas and Adrienne Bolton, Steven and Morgan Lumbley, Raymond and Jackie Love, Harry and Marianne Champagne, and Russell and Mary Beth Christe (collectively "Plaintiffs"), on behalf of themselves and on behalf of the proposed Settlement Class, and Defendant Bank of America, N.A. ("Bank of America" or "Defendant"), have agreed, subject to Court approval, to settle the above-captioned litigation upon the terms set forth in the July 19, 2017 Settlement Agreement ("Settlement Agreement");

- 1 -

WHEREAS, this Court has reviewed and considered the Settlement Agreement entered into among the parties, as well as all exhibits thereto, the record in this case, the briefs and arguments of counsel, and supporting exhibits;

WHEREAS, Plaintiffs have moved for an order granting final approval of the Settlement Agreement and final certification of the Settlement Class;

WHEREAS, this Court finds that the action meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has personal jurisdiction over the Plaintiffs and all Class Members and subject matter jurisdiction to approve this Settlement Agreement;

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of this Settlement, the Court certifies the Class, finding that questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members, and certification of the Settlement Class for purposes of settlement is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rule 23(b)(3);

3. The Court grants the Motion for Final Approval of the Settlement and fully and finally approves the Settlement Agreement, hereby incorporating into this Order and Final Judgment the Settlement Agreement, and all terms used here shall have the same meaning as set forth in the Agreement, and finding its terms to be fair,

reasonable, and adequate under Fed. R. Civ. P. 23, and directing its consummation pursuant to its terms and conditions;

4. The Settlement Agreement and the Final Approval Order and Judgment are binding upon, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Released Claims maintained by or on behalf of the Releasors;

5. The Court finds that the notice given to the Class Members pursuant to the Notice Plan (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the final approval hearing, and of their right to seek relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) complies in all respects with the requirements of Fed. R. Civ. P. 23, due process, and all other applicable law;

6. Class Counsel and the named Plaintiffs adequately represented the Class Members for purposes of entering into and implementing this Agreement and Settlement, and, pursuant to Rule 23, the Court gives final appointment of counsel Hagens Berman Sobol Shapiro LLP, Smith & Lowney, PLLC, and Shanahan Law Group, PLLC as Class Counsel in this matter;

7. The Court dismisses with prejudice all claims in this action and, except as otherwise explicitly provided for in the Agreement, does so without costs awarded to either side;

8. The Court discharges and releases the Releasees from all Released Claims and permanently bars and enjoins the institution and prosecution, by Releasors and/or any other Person not otherwise excluded, of any and all of the Released Claims;

9. The Court approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Persons who have timely and validly requested exclusion from the Class, and accordingly, who shall neither share in nor be bound by the Final Approval Order and Judgment;

10. The Court determines that the Settlement Agreement and any proceedings taken pursuant to it are not and should not in any event be offered or received as evidence of a presumption, concession, acknowledgment, or an admission of liability or of any wrongdoing by Defendant or any Releasee or of the suitability of these or similar claims to class treatment for litigation, trial, or any other purpose except settlement; provided, however, that reference may be made to this Agreement and the settlement in such proceedings as may be necessary to effectuate the Agreement;

11. The Court reserves continuing and exclusive jurisdiction over the Settlement, including all future proceedings, if any, concerning the administration, consummation, and enforcement of this Agreement;

12. The Court authorizes the Settling Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement as shall be consistent in all material respects with the Final Approval Order and Judgment and not limit the rights of the Settling Parties or Class

Members; and containing such other and further provisions consistent with the terms of this Agreement to which the Settling Parties expressly consent in writing.

This  5  day of Feb , 2018.

*Terrence W. Boyle*
HON. TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE